UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOU BERTHA MCKENZIE-WHARTON,
and RICHARD G. WHARTON,

    Plaintiffs,

v.                                                                                  CASE NO. 8:15-cv-114-17MAP

UNITED AIRLINES, INC.,

    Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to the parties' Notice of Settlement (Dkt. 91) and Joint Motion to Set Aside and Vacate this Court's September 23, 2016 Order (Dkt. 90). Upon consideration, the parties' joint motion is **DENIED**.

## BACKGROUND

Plaintiffs Lou Bertha McKenzie-Wharton and her husband, Richard Wharton, sue Defendant United Airlines, Inc. for negligence and loss of consortium, alleging that an off-duty United flight attendant dropped a piece of luggage on Ms. McKenzie-Wharton. (Dkt. 2). On September 23, 2016, this Court entered an Order denying United's two motions for summary judgment. (Dkt. 73). On October 28, 2016, the parties voluntarily attended a second mediation and settled the action in full. (Dkts. 88, 91). Although the terms of the settlement agreement are "strictly confidential," the parties inform the Court "that they now agree to jointly request vacatur" of the September 23, 2016 Order. (Dkt. 90 at 1).

## DISCUSSION

The parties file their motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, which provides that a district court "may relieve a party or its legal representative from a final judgment, order, or proceeding" based on "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Because the Court's September 23, 2016 Order was not a "final" order within the meaning of Rule 60(b), the Court construes the parties' motion as filed pursuant to Rule 54(b), which provides that a non-final order "may be revised at any time before the entry of a judgment[.]" Fed. R. Civ. P. 54(b); Herman v. Hartford Life & Acc. Ins. Co., 508 F. App'x 923, 928 n.1 (11th Cir. 2013).

The Eleventh Circuit recently confirmed that a district court may vacate an order pursuant to a settlement in "exceptional circumstances." Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co., 828 F.3d 1331, 1333 (11th Cir. 2016). The district court must undertake an equitable balancing, "weighing the benefits of settlement to the parties and to the judicial system (and thus to the public as well) against the harm to the public in the form of lost precedent." Id. at 1336. Explaining that "[t]he precise application of this approach will vary case by case," the Eleventh Circuit emphasized "two unusual features" of the settlement in Hartford that tipped the scales in favor of vacatur: (1) the parties agreed to settle only after the Eleventh Circuit ordered the parties to mediate for a second time, and the settlement agreement was expressly conditioned on vacatur, and (2) "both parties to the settlement desire[d] vacatur because settlement would otherwise be impossible." Id.

The instant case possesses no similar features. The Court did not order the parties to mediate for a second time. The parties do not represent that their settlement is

contingent on vacatur. The parties do not contend that vacatur was necessary for the settlement. As a result, it appears that both the parties' resources and this Court's resources will be preserved even if the September 23, 2016 Order remains in effect.

Notably, the parties identify no other factor that weighs in favor of vacatur. Weighing against vacatur, however, is the harm to the public in the form of lost judicial authority. U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 26 (1994) ("Judicial precedents are presumptively correct and valuable to the legal community as a whole."). The Court is also reluctant to encourage parties, such as United, to the "roll the dice" by filing motions for summary judgment with the expectation that an unfavorable ruling will be vacated upon settlement. Id. at 28; Medtronic Vascular, Inc. v. Boston Sci. Corp., No. CIV.A. 2:06-CV-78, 2009 WL 383237, at *2 (E.D. Tex. Feb. 11, 2009). Such a tactic not only needlessly expends judicial resources, it effectively allows for "a refined form of collateral attack" on unfavorable decisions, thereby "disturb[ing] the orderly operation of the federal judicial system." U.S. Bancorp Mortg. Co., 513 U.S. at 27; QBE Ins. Corp. v. Whispering Pines Cemetery, LLC, No. CIV.A. 12-0054-KD-C, 2014 WL 2921908, at *4 (S.D. Ala. June 27, 2014).

Based on the foregoing, the Court finds that a balancing of the relevant factors weighs in favor of denying the motion to vacate. U.S. Bancorp Mortg. Co., 513 U.S. at 29 ("exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur"); Collins Backhoe & Water Serv. v. Anadarko Petroleum Corp., No. CV H-15-196, 2016 WL 4479530, at *2 (S.D. Tex. Aug. 25, 2016) ("The courts agree that . . . the mere fact that the parties have settled the case and asked for vacatur as part of the settlement is not enough.").

## CONCLUSION

Upon consideration, it is **ORDERED** that:

(1) The parties' Joint Motion to Set Aside and Vacate this Court's September 23, 2016, Order (Dkt. 90) is **DENIED**.

(2) Pursuant to the Notice of Settlement (Dkt. 91), this action is **DISMISSED WITHOUT PREJUDICE** to the right of any party to re-open the action within sixty (60) days, upon good cause shown, or to submit a stipulated form of final judgment or stipulation of dismissal.

(3) The Clerk is directed to **CLOSE** the case and terminate all pending motions, including Defendant's Motion to Exclude Carlos A. Diaz, M.D. as an Expert Witness (Dkt. 83).

**DONE AND ORDERED**, in Chambers, in Tampa, Florida on this 14th day of November, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of record